# FILED

March 24 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0249

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 90N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

JOSH A. ALLEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-2007-110
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Josh A. Allen, (Self-Represented), Havre, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General, Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

            Cyndee L. Peterson, Hill County Attorney, Lindsay A. Osbourne, Deputy
County Attorney, Havre, Montana

Submitted on Briefs:  February 25, 2009

Decided:  March 24 2009

Filed:

          _____
                       Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Josh A. Allen (Allen) appeals his conviction for obstructing a peace officer, a misdemeanor in violation of § 45-7-302, MCA, in the Twelfth Judicial District Court, Hill County.  For the reasons set forth below, we affirm Allen's conviction.

¶3      On March 22, 2007, at approximately 2:15 a.m., Hill County Deputy Sheriff Cory Matkin (Deputy Matkin) was on routine patrol in Havre, Montana.  Deputy Matkin noticed a male, who later turned out to be Allen, walk from the vicinity of a Kentucky Fried Chicken restaurant and duck out of sight into a hedge at the corner of a nearby office building.  Deputy Matkin drove by the building and saw the same person run into an alley at fairly high speed.  Deputy Matkin suspected that the person had seen him and was running away to avoid detection and contact with an officer, so he followed him in his patrol car.  As Deputy Matkin later testified, he wanted to stop the individual to determine why he was running from him, suspecting that his evasion might be because of a warrant, violation of probation or pretrial release conditions, or because he had committed an offense in the area.

2

¶4 Deputy Matkin eventually caught up with Allen, and activated the siren on his patrol car. Allen stopped and dropped to the ground at Deputy Matkin's request. Deputy Matkin then placed Allen in handcuffs, as his past experience with people who run from officers suggested they were likely to fight. Allen made no threatening moves and did not struggle with Deputy Matkin.

¶5 Deputy Matkin then asked Allen why he had been running. Allen asked Deputy Matkin if he was under arrest or being detained, and Deputy Matkin responded that it was a detention. According to the District Court's factual findings in this matter, when Allen was "told it was a detention, he said he was exercising his right not to incriminate himself." When Deputy Matkin asked Allen his name, Allen refused to provide it. Deputy Matkin informed Allen that he was investigating his reason for running from him, and that he was obstructing the investigation by refusing to talk to him. When Allen continued to refuse to provide his name, Deputy Matkin arrested him for obstructing a peace officer.

¶6 Allen was subsequently convicted in justice court, and appealed to the District Court for a de novo bench trial. Prior to trial, Allen filed a motion to dismiss the obstructing charge on the grounds that Deputy Matkin lacked probable cause to arrest him, and that his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution were violated by his arrest and the charge itself. The District Court denied the motion. The District Court concluded that there was particularized suspicion to detain Allen based on the circumstances of the case. The District Court also reasoned that Allen's running from Deputy Matkin, coupled with his

3

refusal to provide his name after being told of the investigation, provided probable cause to arrest and charge him with obstructing. Additionally, the District Court rejected Allen's arguments that he had a constitutional right not to provide Deputy Matkin with his name, and that the obstructing statute was unconstitutionally vague.

¶7 At trial, Allen refused to take an oath or affirm based on his personal religious beliefs, and was not allowed to testify. Allen was subsequently convicted at a bench trial and this appeal followed.

¶8 Allen raises a number of issues on appeal which we restate as follows. First, Allen asserts that Deputy Matkin did not have particularized suspicion to detain him or probable cause to arrest and charge him. Second, Allen asserts that his refusal to provide his name to Deputy Matkin was protected by the self-incrimination clause of the Fifth Amendment of the United States Constitution. Third, Allen maintains that the obstructing statute under which he was convicted is unconstitutionally vague. And fourth, Allen maintains that he was denied equal protection and due process when the District Court refused to allow him to testify based on his refusal to take an oath or affirm.

¶9 The grant or denial of a motion to dismiss in a criminal case presents a question of law which we review de novo. *State v. Howard*, 2008 MT 173, ¶ 8, 343 Mont. 378, 184 P.3d 344. Our review of a motion to dismiss is plenary, and we determine whether the district court's conclusions of law are correct. *Howard*, ¶ 8. Any findings of fact in support of a district court's denial of a motion to dismiss are reviewed under the clearly erroneous standard. *Howard*, ¶ 9.

4

¶10 We conclude the District Court did not err in denying Allen's motion to dismiss. We agree with the District Court that there was particularized suspicion to justify the stop of Allen and probable cause to arrest him for obstructing. Particularized suspicion is based on objective data from which an officer can infer that the person stopped is or has been engaged in wrongdoing. *Brown v. State*, 2009 MT 64, ¶ 20, ___ Mont. ___, ___ P.3d ___. Whether particularized suspicion is present is based on the totality of the circumstances. *State v. Fellers*, 2004 MT 321, ¶ 21, 324 Mont. 62, 101 P.3d 764. Probable cause to arrest is established when the facts and circumstances within an officer's personal knowledge are sufficient to warrant a reasonable person to believe that someone is committing or has committed an offense. *State v. Williamson*, 1998 MT 199, ¶ 12, 290 Mont. 321, 965 P.2d 231. Here, Allen's evasive behavior at 2 a.m. provided sufficient particularized suspicion for Deputy Matkin to detain him, and his ensuing refusal to provide his name supplied probable cause to arrest and charge him with obstructing under these circumstances.

¶11 In this connection, we also agree with the District Court that Allen's right against self-incrimination did not protect him from having to provide his name to Deputy Matkin. The privilege against self-incrimination protects an individual from being compelled to implicitly or explicitly disclose information or relate factual assertions of an incriminating nature. *Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humbolt Co.*, 542 U.S. 177, 189, 124 S. Ct. 2451, 2460 (2004). A disclosure of a suspect's name will not implicate the self-incrimination clause if it presents "no reasonable danger of incrimination." *Hiibel*, 542 U.S. at 189, 124 S. Ct. at 2460. Allen asserted that he did not

5

provide his name because he was afraid he would be arrested for outstanding speeding tickets. However, this allegation was unsubstantiated, as a criminal history and warrants check run on Allen after his arrest showed no outstanding warrants or criminal history. This being so, the act of providing his name provided no reasonable danger to Allen that he would incriminate himself, nor would it furnish a link in a chain of evidence which could be later used to prosecute him. *Hiibel*, 542 U.S. at 190, 124 S. Ct. at 2461. Thus, the disclosure of Allen's name to Deputy Matkin, under the circumstances of this case, would not have been incriminating.

¶12 We also agree with the District Court that the obstructing statute under which Allen was charged and convicted is not unconstitutionally vague. This statute reads as follows:

> **Obstructing peace officer or other public servant.** (1) A person commits the offense of obstructing a peace officer or public servant if the person knowingly obstructs, impairs, or hinders the enforcement of the criminal law, the preservation of the peace, or the performance of a governmental function, including service of process.
> (2) It is no defense to a prosecution under this section that the peace officer was acting in an illegal manner, provided that the peace officer was acting under the peace officer's official authority.

Section 45-7-302(1) and (2), MCA.

¶13 We presume statutes are constitutional, and the party challenging a statute bears the burden of proving the statute's invalidity beyond a reasonable doubt. *In re Custody and Parental Rights of D.S.*, 2005 MT 275, ¶ 15, 329 Mont. 180, 122 P.3d 1239. A statute is vague on its face if it fails to give a person of ordinary intelligence fair notice that her contemplated conduct is forbidden. *Custody of D.S.*, ¶ 16. The party challenging

6

a statute for vagueness faces a high burden of proof in showing that the statute specifies "no standard of conduct . . . at all" which is prohibited. *Custody of D.S.*, ¶ 16 (quotation omitted). We agree with the District Court that Allen has failed to meet his high burden. The obstructing statute does give fair notice to a person of ordinary intelligence of the prohibited conduct and is not unconstitutionally vague.

¶14 Finally, we conclude that the District Court did not deny Allen his equal protection or due process rights when it required him to take an oath or affirm as a precondition to testifying in court. M. R. Evid. 603 states that "[b]efore testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." *See also Gordon v. State of Idaho*, 778 F.2d 1397, 1400-01 (9th Cir. 1985) (discussing the federal counterpart of M. R. Evid. 603). Allen has simply failed to show that the imposition of the oath or affirmation requirement in M. R. Evid. 603 has denied him equal protection of the laws, due process, or otherwise impinged upon his constitutional rights. While Allen asserts that certain tenets of his faith prevent him from complying with this rule, he has provided no legal authority or argument to support his contention that he should be completely excused from the oath or affirmation requirement in M. R. Evid. 603 prior to giving testimony in court.

¶15 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the District Court did

not err in its disposition of this matter when it denied Allen's motion to dismiss and subsequently convicted him of obstructing. Therefore, we affirm.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS